HARTELL v. T. H. SIMONSON & SON CO.  (No. 6042.)

(Supreme Court, Appellate Division, First Department.  July 10, 1914.)

MASTER AND SERVANT (§ 301*)—EXISTENCE OF RELATION—LIABILITY FOR INJURIES TO THIRD PERSONS.

Where a lumber dealer, when in need of a truck to deliver lumber, sent word to a liveryman, who sent a truck with horses and a driver, and the truck belonged to the dealer and bore its name, while the horses belonged to the liveryman and the driver was hired and paid by him, and the dealer paid the liveryman an agreed price per hour for the horses and driver, and had no power to discharge the driver, but if dissatisfied could only send him back to the liveryman, the driver was, as a matter of law, an employé of the liveryman, and the dealer was not liable for his negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

Appeal from Trial Term, New York County.

Action by Mamie Hartell, administratrix of Edward Hartell, deceased, against the T. H. Simonson & Son Company.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Sidney H. Stuart, of New York City, for appellant.

Charles Trosk, of New York City, for respondent.

SCOTT, J.  The plaintiff has recovered damages for the death of her intestate resulting, as it is alleged and as the jury has found, from the negligence of one Ryan, the driver of a truck which collided with a wagon in which the deceased was riding.

We find but a single question requiring consideration, and that is whether or not the defendant is responsible, as master, for the negligence of the truck driver.  The facts are undisputed.  The defendant was engaged in the lumber business, and whenever it had occasion to use a truck for the purpose of delivering lumber it sent word to one Durr, a liveryman, who thereupon sent the truck with horses and a driver.  This is what had been on the day of the fatal accident.  The truck itself belonged to defendant and bore its name upon it.  The horses belonged to Durr, and the driver was selected, hired, and paid by him, and he alone had power to discharge him.  All that defendant could have done, if for any reason it was dissatisfied with a driver furnished by Durr, was to send him back to his employer.

For the use of the horses and driver defendant paid Durr an agreed price per hour.

The trial justice submitted it to the jury to say in whose employ the driver was.  This was error.  Upon the undisputed facts the court should have held as matter of law that the driver was the servant of Durr.  The case is not distinguishable from Kellogg v. Church Charity Foundation, 203 N. Y. 191, 96 N. E. 406, 38 L. R. A. (N. S.) 481,

Ann. Cas. 1913A, 883, and other similar cases of which there have been many. See Schmedes v. Deffaa, 153 App. Div. 819, 138 N. Y. Supp. 931.

The judgment and order appealed from must be reversed, and the complaint dismissed, with costs to the defendant in all courts. All concur.

